GLD-238                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2613
_____

In re:  KELLEY TROY COOLEY,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 10-cv-00002)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2011

Before:  AMBRO, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 26, 2011)
_____

OPINION
_____

PER CURIAM

Kelley Troy Cooley filed this pro se mandamus petition pursuant to 28 U.S.C.

§ 1651, seeking an order that the United States District Court for the Western District of

Pennsylvania be compelled to rule on his habeas corpus petition.  For the reasons that

follow, we will deny the mandamus petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of

circumstances.  <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir.

2005). A mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. See Madden, 102 F.3d at 79.

This case, however, does not present such a situation. Cooley filed his federal habeas petition in February 2010. Through March 2011, the District Court has routinely exercised jurisdiction by ruling on various motions. The subsequent four-month delay in the disposition of Cooley's habeas petition "does not yet rise to the level of a denial of due process." Id.

In light of Cooley's short sentence, we are confident that the District Court will rule on the matter expediently. Accordingly, we will deny Cooley's mandamus petition without prejudice.

2